DWIGHT M. SAMUEL (CA SB# 054486)
A Professional Corporation
117 J Street, Suite 202
Sacramento, California 95814-2282
DwightSamuelAtty@Yahoo.com
(916) 447-1193

Attorney for Defendant
MARIO HERNANDEZ-GARCIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  12-CR-392 JAM |
| Plaintiff, | **STIPULATION AND ORDER REGARDING COMPETENCY ISSUES RAISED BY THE COURT** |
| v. | |
| MARIO HERNANDEZ-GARCIA, | Date:  10/15/2013 |
| Defendant. | Time: 9:45 AM Courtroom 6 (JAM) |

Based upon the Court's order both parties have researched issues raised by the Court.

1.  Does the language of 18 USC § 4241(d) mandate institutionalization of Mr. Mario Hernandez-Garcia to determine if he may in time be restored to a state of competency?

2.  Does the court have the inherent power to dismiss the case over the government's objections?

3.  What are the procedures should the defendant not be restored to competency?

**A.  The Statute Mandates Commitment**

18 USC § 4241(d) is mandatory, Case law supports this even if the end result appears that the defendant may not be restored to competency. *United States v. Millard-Grasshorn,* 603 F.3d. 492, (8th Cir. 2010) ("when a finding of mental incompetence is made after the competency

1

1  hearing mandated by § 4241(a), the defendant must be committed under § 4241(s) for a

2  restoration-of-competency evaluation, even if there is evidence that his condition can never

3  improve. "*United States v. Ferro*, 321 F.3d 756, 761 (8th Cir.), cert. denied, 540 U.S. 878 (2003)

4           Section 4241(d) of the statute reads:

5  [T]he Court shall commit the defendant to the custody of the Attorney General . . . [who] shall

6  hospitalize the defendant   for treatment in a suitable facility . . . for such a reasonable period of

7  time, not to exceed four months, as is necessary to determine whether there is a substantial

8  probability that in the foreseeable future he will attain the capacity to permit the proceedings to

9  go forward.

10          Counsel also respectfully directs the Court to *United States v. Strong,* 489 F.3d 1055 (9th

11  Cir. 2007) *Strong* makes it clear that for the limited time directed that Mr. Hernandez-Garcia's

12  custody status is not a violation of his due process rights, and as such, the placement is

13  mandatory. The parties believe that the Court does not have discretion to not commit the

14  defendant. The parties jointly move the Court to commit Mr. Hernandez-Garcia pursuant to the

15  statute.

16          **B.  The Court Does Not Have Inherent Authority to Dismiss this Indictment**

17          The parties do not believe that the Court in its inherent supervisory power can dismiss

18  this indictment sua sponte. There is limited power of the Court to dismiss indictments. "The Ninth

19  Circuit has held that dismissal of an indictment is inappropriate 'absent flagrant and prejudicial

20  prosecution misconduct.'" *United States v. Jacobs,* 885 F.2d 652, 655 (9th Cir. 1988). The Ninth

21  Circuit has subsequently held that a court's supervisory powers may extend beyond those three

22  reasons enumerated in *Simption. United States v. W.R. Grace,* 526 F.3d 499, 511 n.9 (9th Cir.

23  2008) (recognizing the abrogation of Simpson). The Supreme Court has approved other powers of

24  the Court.  *See, Chambers v. NASCO, Inc.,* 501 U.S. 32, 46, (1991) (district courts have inherent

25  power to punish bad-faith conduct by awarding attorneys' fees to the other side); *Thomas v. Arn,*

26  474 U.S. 140, 142, 146-47, (1985) (circuit courts have inherent power to establish a rule that "the

27  failure to file objections to the magistrate's report waives the right to appeal the district court's

28  judgment"). In *United States v. Richter,* 488 F.2d 170, 173-74 (9th Cir. 1973), district courts have

1  the inherent power to "order the government to divulge names of prospective witnesses." Neither

2  party found a case that permitted a district court to dismiss an indictment based on the lack of

3  competency of the defendant.

4      **C.  The Procedures Pursuant to 18 USC § 4246**

5      The parties will be prepared to follow the procedures in § 4246 should the defendant not

6  be restored to competency. If treatment does not render the defendant competent, and there is no

7  substantial probability of future competence, he or she may be civilly committed under 18 USC §

8  4246. *See United States v. Rivera-Guerrero*, 426 F.3d 1130 (9th Cir. 2005).

9      It is hereby stipulated between defendant Mario Hernandez-Garcia through his

10  undersigned counsel Dwight M. Samuel, and the Assistant United States Attorney, Jill Thomas,

11  that the parties agree that the Court must commit the defendant upon the finding of incompetency

12  as prescribed by law set forth in 18 USC § 4241(d).

13      So stipulated,

14      Date: October 7, 2013                    _____ */s/ Dwight M. Samuel*
                                                  Dwight M. Samuel
15                                                Attorney for Defendant
                                                  MARIO HERNANDEZ-GARCIA
16

17      Date: October 7, 2013                    _____*/s/*_____
                                                  Assistant U.S. Attorney
18                                                Jill Thomas

19

20

21

22

23  IT IS SO ORDERED.

24  Dated: 10/8/2013                             /s/ John A. Mendez_____
                                                  Honorable Judge John A. Mendez
25                                                United States District Court Judge

26

27

28

3